UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Esurance Property and Casualty Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Reed; Nasir Warfield; et al.,<br><br>Defendants. | Case No. 2:25-cv-00698-GMN-DJA<br><br>**Order** |

Before the Court is Plaintiff Esurance Property and Casualty Insurance's motion to serve Defendants Joshua Reed and Nasir Warfield via publication (ECF No. 5) and to enlarge time for service (ECF No. 6). Because the Court finds that Plaintiff's proposed alternative service methods are reasonably calculated to provide Defendants with notice and an opportunity to respond, but that Defendants must modify their service language to reference this litigation, it grants the motion to serve via publication in part and denies it in part. The Court will further require additional methods of alternative service. Because the Court finds that Plaintiff has shown good cause, it grants the motion to extend time for service. The Court sua sponte extends that deadline to sixty days from the date of this order.

**I.      Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id*. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation

omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication." Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after a complaint is filed, the court must extend the time for service for an appropriate period.

## II. Discussion.

Plaintiff provides evidence that its process server attempted service at Warfield's address on two occasions, that the leasing office for Warfield's apartment complex informed the process server that Warfield had moved out, and that the process server called Warfield's probation officer who said Warfield had absconded. (ECF No. 5-6). This is in addition to Plaintiff's extensive attempts to reach Warfield in an underlying state court case. (ECF No. 5-3). Plaintiff provides evidence that its process server attempted service at Reed's address on three occasions and that, on the third, two men answered and stated that they moved there in November of 2024 and that Reed did not live there. (ECF No. 5-7). The process server could not find a Nevada driver's license or Nevada-registered cars for Reed, was unsuccessful at calling five phone numbers associated with Reed, received no responses to the server's social media messages, and found no criminal court records for Reed. (*Id.*). This is in addition to Plaintiff's extensive attempts to reach Reed in an underlying state court case. (ECF No. 5-3).

Plaintiff also points out that another party was permitted in the underlying state court action to serve Warfield and Reed via publication. (ECF No. 5-4). Plaintiff also provides evidence that its mail to Reed and Warfield were returned marked return to sender/unclaimed/unable to forward. (ECF No. 5-2 at 2-42). Plaintiff asserts that neither it nor its private investigators have been able to locate any other addresses for Warfield or Reed. (ECF No. 5 at 10). Plaintiff proposes publishing the summons in the Nevada Legal News. Plaintiff also requests a sixty-day extension of the service deadline.

The Court finds that Plaintiff's proposed methods of service are reasonably calculated to provide Warfield and Reed with notice and an opportunity to respond and that they comply with the alternative means of service identified by the Federal and Nevada Rules of Civil Procedure. The Court further finds that Plaintiff has shown good cause to extend the service deadline. However, the Court will impose additional requirements.

Plaintiff's proposed summons language does not include the case name and number for this federal action. Their summons to be published in the Nevada Legal News must include the case name and number. Plaintiff must also publish in the Nevada Legal News at least once a

1  week for a period of four weeks. *See* Nef. R. Civ. P. 4.4(c)(4)(A). Plaintiff must also mail the
2  summons, complaint, and a copy of this order to Warfield and Reed's last known addresses. *See*
3  Nev. R. Civ. P. 4.4(c)(4)(B).

5  **IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to serve by publication
6  (ECF No. 5) is **granted.**

7  **IT IS FURTHER ORDERED** that Plaintiff's motion to enlarge time for service (ECF
8  No. 6) is **granted.**

9  **IT IS FURTHER ORDERED** that Plaintiff must serve Defendants by the following
10 methods: (1) publishing the language proposed in the order—**which language must include the**
11 **name and case number of this case**—in the Nevada Legal News **at least once per week for a**
12 **period of four weeks**; and (2) mailing a copy of the summons, complaint, and this order to
13 Warfield and Reed's last known addresses.

14 **IT IS FURTHER ORDERED** that the service deadline is extended by sixty days from
15 the date of this order to **November 18, 2025.**

17  DATED: September 19, 2025

    DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE